**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Michael Alfaro,<br>on *behalf of himself and others similarly situated* | ) ) ) | |
| | ) | Case No. 25-cv-2616 |
| Plaintiffs, | ) ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Valentin Marian and Inga Marian in their individual capacities, and Hunzinger Williams, Inc. | ) ) ) | |
| | ) | Jury Demanded on all counts so triable |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Michael on behalf of himself and others similarly situated ("Plaintiff"), through his attorneys, Lopez & Sanchez, LLP for his Complaint against Valentin Marian and Inga Marian in their individual capacities, and Hunzinger Williams, Inc., (collectively "Defendants"), state as follows:

**INTRODUCTION**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*. ("IWPCA"), for failure to pay at least the minimum wage for all hours worked in that Defendants failed to pay Plaintiff for several weeks.

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, and 29 U.S.C. §1331 which confers jurisdiction for matters arising out of Federal law. 28

U.S.C. §1367 grants supplementary jurisdiction for Plaintiff's Illinois statutory and common-law claims.

## THE PARTIES

3.      At all relevant times herein, Plaintiff Michael Alfaro resided in and was domiciled within this judicial district.

4.      At all relevant times herein, Plaintiff was  employed by Defendants as an "employee" as defined by the FLSA, IMWL, and IWPCA within this judicial district.

5.      At all relevant times herein, Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §207, CITE  and the IMWL, 820 ILCS 105/1 *et seq*.  CITE

6.      During the course of his employment, Plaintiff worked for Defendants in their business performing landscaping work for the 2024 season.

7.      At all relevant times herein, Defendants have been "employers" as defined in the FLSA, 29 U.S.C. §203(d) and the IMWL, 820 ILCS 105/3(c).

8.      Defendant Hunzinger Williams Inc.  ("Hunzinger"), is a corporation organized under the laws of the State of Illinois which employed Plaintiff and otherwise conducts business within this judicial district. Defendant Hunzinger is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

9.      At all relevant times herein, Defendant Hunzinger was Plaintiff's  "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

10.      Defendant Valentin Marian was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.* and was involved in the day-to-day business operation of Defendant Hunzinger.  Defendant Valentin had the authority to hire and fire people employed by Defendant Hunzinger, including Plaintiff; the

2

authority to direct and supervise the work of Defendant Hunzinger employees; the authority to sign on Defendant Hunzinger's checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

11.     Defendant Inga Marian was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.* and was involved in the day-to-day business operation of Defendant Hunzinger.  Defendant Inga had  the authority to hire and fire people employed by Defendant Hunzinger, including Plaintiff; the authority to direct and supervise the work of Defendant Hunzinger employees; the authority to sign on Defendant Hunzinger's checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

**GENERAL ALLEGATIONS**

12.     Plaintiff has been employed within the last three years before the filing of this lawsuit.

13.     Plaintiff worked for Hunzinger  and has not been paid for several weeks of work at all this includes both his wages and commissions.

14.     For several months in the calendar year 2024, Defendants claimed they did not have the funds to pay Plaintiff and others.

15.     Defendants nevertheless issued paychecks to Plaintiff and others and asked that they not be cashed until the business was doing better.

16.     Plaintiff agreed, but this, in itself, resulted in Plaintiff and others not being paid at all for certain weeks of work and consequently a violation of the Illinois Minimum Wage Law and the minimum wage provisions of  the Fair Labor Standards Act.

17.     Defendants claimed the workers could cash them at a later date and while one check was paid out.  The others ended up being returned with insufficient funds.

18.     Plaintiff has repeatedly demanded payment. Defendants at first promised payments by a date certain then did not honor the payment of outstanding paychecks.

3

19.     Plaintiff has executed a consent to sue letter, which is attached to this complaint as exhibit

## COLLECTIVE ALLEGATIONS

**Fair Labor Standards Act**

20.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is maintained by the named Plaintiffs as an opt-in representative action, for and on behalf of themselves and other past and present employees similarly situated, who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et. seq.* Count I alleges a willful violation of the FLSA and seeks an additional, third year of limitations and seeks liquidated damages under the Fair Labor Standards Act, Section 260. Plaintiffs seek to send Notice to all similarly situated employees who have been denied proper compensation, as required by 29 USC Section 216(b), and supporting case law.

## COUNT I
### Violation of the Fair Labor Standards Act - Minimum Wages

21.     Plaintiff incorporates and re-alleges paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22.     This Count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay Plaintiff at least the minimum wage for all hours worked.

23.     During the course of Plaintiff's employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206.

24.     During the course of Plaintiff's employment with Defendant, Plaintiff performed work selling awnings to and servicing clients for Defendants.

25.     Defendants never paid Plaintiff for several weeks because they claimed not to have the funds to do so.

26.     Nevertheless, Defendants issued checks for wages and commission which they told Plaintiff and others not to cash but that they would be able to do so later.

4

27.     Although Plaintiff agreed and he was later able to cash one of the checks months after it was issued, the others went unpaid.

28.     By not paying Plaintiff at all for several weeks of pay, Defendants failed to pay Plaintiffs the minimum wage for all time worked in violation of the FLSA, 29 U.S.C. § 206.

33.     Defendants willfully violated the FLSA by refusing to pay Plaintiff the minimum wage for all time worked in individual work weeks.

34.     Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' willful failure to pay the minimum wage for all hours worked up to forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §206.

35.     Plaintiff and others similarly situated are also entitled to liquidated damages in an amount equal to the amount he is owed  as unpaid wages.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.     Award Plaintiff and similarly situated workers who file a written consent to sue a judgment in the amount of Plaintiffs' regular rate for all time Plaintiffs worked which was not compensated by Defendants;

B.     An amount equal to their unpaid wages as liquidated damages pursuant to 29 U.S.C. § 216(b);

C.     Award Plaintiff and the collective pre- and post-judgment interest at the statutory rate;

D.     Award Plaintiff and the collective reasonable attorneys' fees, costs, and litigation expenses pursuant to 29 U.S.C. § 216(b), and 820 ILCS 105/12, and

E.     Order such further and additional relief as this Court deems just and proper.


**COUNT II**
**Violation of the Illinois Minimum Wage Law - Minimum Wages**

36.     Plaintiff incorporates and re-allege paragraphs 1 through 35 of this Complaint as though fully set forth herein.

5

37.   This count arises from Defendants' violation of the IMWL, 820 ILCS 105/1 *et seq.*, for failure to pay Plaintiffs at least the minimum wage for all hours worked.

38.   During the course of Plaintiff's employment by Defendants, Plaintiff was not exempt from the minimum wage provisions of the IMWL.

39.   During the course of Plaintiff's employment with Defendant, Plaintiff performed work selling awnings to and servicing clients for Defendants.

40.   Defendants never paid Plaintiff for several weeks because they claimed not to have the funds to do so.

41.   Nevertheless, Defendants issued checks for wages and commission which they told Plaintiff and others not to cash but that they would be able to do so later.

42.   Although Plaintiff agreed and he was later able to cash one of the checks months after it was issued, the others went unpaid.

43.   By not paying Plaintiff for all hours worked Defendants failed to pay Plaintiff the minimum wage for all time worked violated the IMWL, 820 ILCS 105/1 .

44.   Plaintiff is also entitled to treble damages in an amount equal to the amount he is owed as unpaid wages.

45.   Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of five percent (5%) per month of the amount of underpayment.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

   A.   Award Plaintiffs a judgment in the amount of Plaintiffs' regular rate for all time Plaintiffs worked which was not compensated by Defendants;

   B.   Award Plaintiffs treble damages of the amount of unpaid wages pursuant to 820 ILCS 105/12;

   C.   Award Plaintiffs penalties in the amount of 5% of the underpayment per month for the length of the violations of the IMWL pursuant to 820 ILCS 105/12;

D.      Award Plaintiff and the Class reasonable attorneys' fees, costs, and litigation expenses pursuant to 29 U.S.C. § 216(b), and 820 ILCS 105/12, and

E.      Award Plaintiff and the Class pre- and post-judgment interest at the statutory rate;

and

F.      Order such further and additional relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all eligible claims and issues.

Respectfully submitted,

/s/     *Jorge Sanchez*
One of Plaintiff's attorneys

Jorge Sanchez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784
ILARDC: 6244796

Dated: March 12, 2025